1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9

BOARD OF TRUSTEES OF THE
LABORERS HEALTH AND WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

Case No.  16-cv-01640-YGR

**ORDER GRANTING MOTION OF PLAINTIFFS
LABORERS TRUST FUNDS FOR SUMMARY
JUDGMENT**

Re: Dkt. No. 55

10

Plaintiffs,

11

v.

12
13

BRENEMAN, INC., a California
corporation; and JAMES G. BRENEMAN,
an individual,

14

Defendant.

15
16
17
18

BOARD OF TRUSTEES OF THE
CEMENT MASONS HEALTH AND
WELFARE TRUST FUND FOR
NOTHERN CALIFORNIA, et al.,

19

Plaintiffs,

20

v.

21
22

BRENEMAN, INC., a California
corporation; and JAMES G. BRENEMAN,
an individual,

23

Defendant.

24
25
26
27
28

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37), plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, the Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, the Board of Trustees of the Laborers Pension Trust Fund for Northern California, and the Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California (collectively, "Laborers Trust Funds") move for summary judgment against defendant Breneman, Inc. and defendant James G. Breneman. (Dkt. No. 55.)

The complaint alleges the following causes of action: (i) breach of the collective bargaining agreement against Breneman, Inc.; (ii) recovery of unpaid trust fund contributions under ERISA §§ 502(g)(2), 515 against Breneman, Inc.; (iii) breach of contract (Payment Plan) against Breneman Inc. and James G. Breneman, and (iv) for a mandatory injunction under ERISA § 502(g)(2)(E) against Breneman, Inc. (Dkt. No. 1, "Complaint.") Laborers Trust Funds seek an audit, liquidated damages, interest, outstanding trust fund contributions, and attorneys' fees and costs. The Laborers Trust Funds now move for summary judgment against Breneman Inc. on the first, second, and fourth causes of action, and against James G. Breneman individually for breach of a personal Guarantee to pay outstanding trust fund contributions due and owing by Breneman, Inc. under the third cause of action.

The motion for summary judgment and documents in support thereof were filed June 30, 2017, and originally set for hearing on August 17, 2017. (Dkt. No. 55.) On July 6, 2017, the parties filed a stipulation to continue the hearing to August 29, 2017, which the Court granted. (Dkt. Nos. 61, 63.) No opposition was filed by defendants as of July 20, 2017, and the Laborers Trust Funds filed a reply brief so indicating on July 20, 2017. (Dkt. No. 64.) The Court issued an order vacating the hearing on this motion on August 1, 2017. (Dkt. No. 70.) The Court issued a further order permitting one final opportunity for defendants to respond the summary judgment

motion. As of the date of this Order, no opposition to the motion has been filed by defendants.[1]

Based upon the Court's review of the duly noticed motion, the evidence submitted in support thereof, and the lack of opposition thereto, and for the reasons stated herein, the Laborers Trust Funds' motion for summary judgment is **GRANTED** against defendants Breneman, Inc. and James G. Breneman.

## I. BACKGROUND

Laborers Trust Funds are trustees and fiduciaries of employee benefit plans created by written trust agreements pursuant to section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multiemployer employee benefit plans within the meaning of sections 3, 4, and 502 of ERISA, 29 U.S.C. §§ 1002, 1003, and 1132. (*See* Declaration of Michelle Lauziere in Support of Motion for Summary Judgment ("Lauziere Decl."), Dkt. No. 56, at ¶ 10.) The Laborers Trust Funds consist of all employee fringe benefit contributions made by employers pursuant to covered collective bargaining agreements. (*Id.* at ¶ 10, Exh. A at p. 1-4 [Amended and Restated Trust Agreement Establishing the Laborers Pension Trust Fund For Northern California]; Exh. B. at Art. II, § 1.) The Trust Agreements for all the Laborers Trust Funds contain the same terms and conditions as the Trust Agreement for the Laborers Pension Trust Fund for Northern California. (*Id.* at ¶ 11.) Plaintiff trustees are named fiduciaries with exclusive authority to control, manage and administer the funds and plans at issue in this action. (*Id.* at ¶ 12, Exh. C at Art. IV, § 13.)

The duties of the Boards of Trustees to the Laborers Trust Funds include ensuring that employers who are signatories to the collective bargaining agreements comply with the terms and conditions of the collective bargaining agreements, namely, payments and contributions to the Trust Funds on behalf of the covered employees. The Trust Agreement permits the Boards of Trustees to seek judicial relief to recover prompt payment of contributions due, including the

---

[1] The Court notes that defendants James G. Breneman and Breneman, Inc., were defaulted in this action on June 24, 2016, and on August 3, 2016, respectively. (Dkt. Nos. 18 and 25.) Those defaults were set aside by stipulation of the parties, and defendants appeared by counsel thereafter, filing their answer to the complaint on November 29, 2016. (Dkt. Nos. 37, 38, 39.)

United States District Court
Northern District of California

recovery of delinquent contributions, and further, to seek all attorneys' fees and costs incurred in a lawsuit to recover the delinquent contributions. (Lauziere Decl. at ¶ 13, Exh. D at Art. IV § 3.) The Trust Agreement further provides that an employer must submit to an audit by the Board of Trustees, and in so doing, produce its books and financial records to the Board of Trustees. (*Id.* at ¶ 14, Exh. E at Art. IV § 7.)

On March 4, 2014, Breneman, Inc. executed a Memorandum Agreement with the Northern California District Council of Laborers ("Laborers Union") to be bound by the written collective bargaining agreement with the Laborers Union entitled the Laborers' Master Agreement For Northern California ("Master Agreement"). (*Id.* at ¶ 6, Exh. F.) Section 28 of the Laborers Master Agreement requires that employers make contributions to the Laborers Trust Funds based on the hours that their respective employees worked as laborers. (*Id.* at ¶ 16, Exh. G.) Employers must pay employee fringe benefit contributions by the 25th day of the month immediately succeeding the month in which the employee's work was performed. In the event that the employer fails to make the monthly installments timely, employers are subject to interest at the rate of 1.5% per month as well as $150 for each delinquent contribution as liquidated damages. Liquidated damages are set at $150 for each month that the contribution is delinquent. (*Id.* at ¶ 16 and Exh. H.) The agreements also require employers to report to the Laborers Trust Funds the number of hours worked by, or paid to, each employee performing covered work. (*Id.* at ¶ 7.)

In addition, on July 28, 2015, Breneman Inc. entered into a payment plan, and James G. Breneman entered into a Personal Guarantee and Undertaking, due to Breneman, Inc.'s failure to make timely contributions for a period from June 2012 to May 2015. (*Id.* at Exh. J, p. 1.) By that Personal Guarantee and Undertaking, James G. Breneman agreed that if Breneman Inc. defaulted on the payment plan, he became personally liable for the outstanding balance of unbalance contributions, liquidated damages and interest. (*Id.*)

## II.  APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Any party seeking summary judgment bears the initial burden of identifying those portions of the pleadings

and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for the finder of fact to return a verdict for the nonmoving party. *Id.*

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson*, 477 U.S. at 250; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also* Fed.R.Civ.P. 56(c), (e). A court may only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed.R.Civ.P. 56(c)(2); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."). However, when deciding a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, the court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir.2011).

## III. DISCUSSION

Laborers Trust Funds seek summary judgment against Breneman Inc. on: (1) their first claim for breach of the collective bargaining agreement based upon its failure to pay certain contributions timely and for unpaid contributions; (2) their second claim for recovery of unpaid trust fund contributions under ERISA sections 502(g)(2) and 515, which provide additional remedies for enforcement of an employer's obligation to make contributions required as provided in a collective bargaining agreement. *See* 29 U.S.C. §§ 1132(g)(2), 1145); and (3) their fourth cause of action for a mandatory injunction for an audit. Laborers Trust Funds seeks summary judgment against James G. Breneman on the third cause of action for breach of the Personal Guarantee and Undertaking requiring James G. Breneman to pay in the event that Breneman Inc. defaulted in its 2015 payment plan with Laborers Trust Funds for catching up on certain unpaid contributions.

**A.      Unpaid Contributions, Damages, and Interest against Breneman Inc.**

Under the collective bargaining agreement and the ERISA enforcement provision, Laborers Trust Funds are entitled to the principal amount of the unpaid contributions plus interest at 1.5% per month and an additional sum that is the greater of liquidated damages or interest. Pursuant to the collective bargaining agreement's Liquidated Damage Program – Board Policy, employers like Breneman, Inc. are subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that a contribution is delinquent. Interest was calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated. (Lauziere Decl. ¶ 16, Exh. H.) Because this is an ERISA enforcement action, Laborers Trust Funds are entitled not only to interest on the unpaid contributions, but also to an additional award in "an amount equal to the greater of [the] interest on the unpaid contributions or liquidated damages" as provided in the benefits plan agreement. 29 U.S.C. §§ 1132(g)(B) and (C).

Based upon the evidence submitted, for contributions reported but not paid, Laborers Trust Funds are entitled to the principal amount of $236,942.26, plus interest and liquidated damages for the period of November 2015 to April 2017. (Lauziere Decl. at ¶¶ 20–22.)[2] Breneman, Inc. submitted its Combined Employer Reports of Contributions for these months detailing, as required, hours of covered work under the collective bargaining agreement and contributions due on behalf of the covered workers. The Combined Employer Reports of Contribution submitted by Breneman, Inc. identify the employees by name and social security number, along with their hours worked for the reported month. The Employer Reports of Contribution are marked "Hours Only," meaning that the report came in with hours reported and a detail of the contributions due, but no money was paid. (*Id.* at ¶ 22.) Breneman, Inc. reported contributions due and owing for the time period, but failed to pay all the contributions due and owing for these months. (*Id.* at ¶ 22.)

The Court finds that Laborers Trust Funds are entitled to the principal amount of unpaid

---

[2] The Court notes that this time period extends beyond that alleged in the Complaint, and that defendants have not contested or disputed these amounts as being owed.

1   contributions, pursuant to 29 U.S.C. section 1132(g)(2)(A), plus interest at 1.5% per month,

2   liquidated damages at a flat rate of $150 per month, and an additional statutory award in an

3   amount equal to the greater of those two, pursuant to 29 U.S.C. section 1132(g)(2)(B), (C).

4   (Lauziere Decl. at ¶¶ 22–42.)

5       In addition to these unpaid hours reported by Breneman, Inc., Laborers Trust Funds also

6   seek amounts they determined to be unpaid as a result of an audit of the period from January 2013

7   to June 2015.  The audit revealed unpaid amounts for the month of December 2014, in the

8   principal amount of $1214.78, plus interest and liquidated damages.  (*Id*. at ¶¶ 44–47.)  The Court

9   finds that Laborers Trust Funds have sufficiently demonstrated that they are entitled to these

10  additional amounts they seek as result of the audit.  (*See id*. at ¶¶ 44–47, and Exhs. FF, GG, and

11  HH.)  Pursuant to 29 U.S.C. §§ 1132(g)(C), Laborers Trust Funds are also entitled to an additional

12  award in an amount equal to the greater of the interest on the unpaid contributions or liquidated

13  damages at the contract rate.  Since the interest exceeds the liquidated damages here, the Court

14  finds that Laborers Trust Funds are entitled to an additional award of interest.

15      **B.**     **Contributions Paid Late**

16      For several months during the period from March 2012 to February 2015, Breneman, Inc.

17  failed to pay employee fringe benefit contributions on time, breaching the terms of the Trust and

18  Master Agreements.  (*Id*. at ¶¶ 16, 19 [late payments for months of March, August–December

19  2012; January–December 2013; January–September 2014 and January–February 2015.])[3]  The

20  terms of the Trust Agreement provide that employers must pay employee fringe benefit

21  contributions by the 25th day of the month immediately succeeding the month in which the

22  employee's work was performed, and failure to pay timely makes the employer subject to interest

23  at the rate of 1.5% per month and $150 for each delinquent contribution, for each month that the

24  contribution is delinquent, as liquidated damages.  (*Id*. at ¶ 16 and Exh. H.)  Further, the ERISA

25  enforcement provisions support an action to recover interest and liquidated damages as provided

26

27      [3] The Court notes that these months do not include those that were subject to the payment
28  plan between Laborers Trust Funds and Breneman Inc. (Lauziere Decl. Exh. I.)

in the agreement with respect to late payments. *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.,* 875 F.2d 212, 217 (9th Cir. 1989) (section 1132(g)(2)(E) interest and liquidated damages could be awarded for contributions that were paid, but paid late); *Board of Trustees v. JRD*, 99 F.Supp.2d 1115, 1118, 1120 (C.D. Cal. 1995) (awarding liquidated damages on contributions paid late).

Laborers Trust Funds have offered sufficient evidence to demonstrate that they are entitled to interest and liquidated damages based upon late payment of the contributions for the specified months, pursuant to the terms of the Master and Trust Agreements. (Lauziere Decl. at ¶ 19, Exh. K.)

### C. Order Compelling Audit of Breneman Inc.

Laborers Trust Funds also seek an order compelling Breneman, Inc. to submit to an audit for the period July 1, 2015, to the present to determine the full amount of employer contributions owed to the Laborers Trust Funds. Pursuant to Article IV, Section 7 of the Trust Agreement, Breneman, Inc. is required to allow Laborers Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing. (*Id.*, Exh. E.) Furthermore, an audit is "well within the authority of the trustees as outlined in the trust documents" and is part of "proper plan administration." *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport Inc.*, 472 U.S. 559, 571 n. 12 (1985). The Court finds that the evidence supports entry of a mandatory injunction compelling Breneman, Inc. to comply with its contractual obligations to allow an audit of its records for the period of July 1, 2015 through the present, consistent with the terms of the relevant agreements.

### D. Breach of Guarantee by James G. Breneman

Laborers Trust Funds also seek to enforce the Personal Guarantee, a contract Breneman signed, wherein he agreed to become personally liable for the debt in the Payment Plan should there be a default of the Payment Plan. (Lauziere Decl. at ¶ 50.) On July 20, 2015, Laborers Trust Funds provided to Breneman Inc. a payment plan for delinquent contributions for the months of June 2014, September to November 2014, and March to May 2015. (*Id.* at ¶ 17, Exh. I.) James G. Brenemen entered into a Personal Guarantee and Undertaking on that payment plan, wherein he

agreed to become personally liable, should there be a default in payments by Breneman Inc., for the amount of $246,701.05, less any payments made, plus interest at a rate of 10% per annum. (*Id.* at ¶¶ 18, 50, Exh. J.)  The agreement was signed by James G. Breneman as of July 28, 2015. (*Id.*)  Breneman, Inc. paid the sum of $93,115.94 on the payment plan, leaving a balance due of $113,820.39. (*Id.* at ¶ 52.)

The Court finds that Laborers Trust Funds are entitled to recover against James G. Breneman, for breach of the Personal Guarantee and Undertaking, the principal sum of $113,820.39 in unpaid plan contributions, plus $750 in liquidated damages, and interest.  (*Id.* at ¶ 52.)

### E.    Attorneys' Fees and Costs

ERISA also provides for recovery of reasonable attorneys' fees and costs within the discretion of the Court.  29 U.S.C. § 1132(g)(2)(D).  Where a party is entitled to reasonable attorneys' fees by either contract or statute, the court will determine the amount to be awarded based on reasonable billing rates and time spent. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (referring to this quantum of reasonableness as the "lodestar").

Here, the contracts at issue provide for payment of attorneys' fees.  Pursuant to the Agreements between Breneman, Inc. and Laborers Trust Funds, Breneman Inc. agreed to pay reasonable attorneys' fees and costs incurred in a suit to enforce payment of outstanding contributions.  (Lauziere Decl. at ¶ 14.)  Pursuant to the Personal Guarantee and Undertaking, James G. Breneman also agreed to pay reasonable attorneys' fees and costs incurred in a civil action to recover on that agreement.  (*Id.* at ¶ 53.)

Laborers Trust Funds' Motion for Summary Judgment requests $25,200.26 in attorneys' fees and costs.  To substantiate their fees and costs, counsel for Laborers Trust Funds included a declaration and detailed ledger.  (Declaration of Ronald L. Richman ("Richman Decl."), Dkt. No. 57, at ¶ 4–6.)  Based on the claims against Breneman, Inc. and the claim against James Breneman, Laborers Trust Funds have apportioned attorneys' fees and costs 50/50, seeking to recover $12,600.13 each from Breneman, Inc. and James G. Breneman.  (Lauziere Decl. at ¶¶ 48, 53.)

The Court has reviewed counsel's declaration and attached billing records and finds that

9

the time incurred of 68.60 hours and billing rates of $345 per hour for partners, $290 per hour for associates and $150 per hour for paralegals are reasonable. (Richman Decl., at ¶¶ 4–6.) Given the complexity of the accounting involved in this case, the Court finds that Laborers Trust Funds are entitled to $25,200.36 in attorneys' fees and costs. Accordingly, the Court finds Laborers Trust Funds' attorneys' fees and costs against Breneman, Inc. in the amount of $12,600.13, and attorneys' fees and costs against Breneman in the same amount.

## IV.    CONCLUSION

In sum, under the terms of the Agreements as well as ERISA, Breneman Inc. is obligated to report and pay regular contributions and may be liable for liquidated damages and interest on any and all delinquencies. Breneman Inc.'s failure to report or pay the contributions is a breach of the Agreements and a violation of ERISA section 515. 29 U.S.C. § 1145. The Court finds that Laborers Trust Funds are therefore entitled to judgment for the unpaid contributions, plus all requested liquidated damages and interest, in the amounts stated in the proposed judgment submitted September 25, 2017, as follows:

### Breneman, Inc.

**Liquidated Damages and Interest on**
**Contributions Paid, but Paid Late:**                    **$31,033.79**

**Contributions Reported, Not Paid:**
- § 1132(g)(2)(A) unpaid contributions:          $236,942.26
- § 1132(g)(2)(B) interest:                              $39,917.68
- § 1132(g)(2)(C) interest:                              $39,917.68

Sub Total:          **$316,777.62**

**Contributions Not Reported, Not Paid:**
- § 1132(g)(2)(A) unpaid contributions:          $1,214.78
- § 1132(g)(2)(B) interest:                              $564.87
- § 1132(g)(2)(C) interest:                              $564.87

Sub Total:          **$2,344.52**

**Attorneys' Fees and Costs:**                          **$12,600.13**

TOTAL:          **$362,756.06**

Moreover, Laborers Trust Funds are entitled to an audit of Breneman, Inc.'s books and records for the period July 1, 2015 to the present. The Court will retain jurisdiction to enforce the

order for an audit and amend the judgment to reflect any contributions and interest owed by Defendants after Plaintiffs submit an additional declaration setting forth the results of the audit and proving up their request for damages.

**James G. Breneman.**

| | |
|---|---|
| **Unpaid Payment Plan Contributions:** | **$113,820.39** |
| **Liquidated Damages and Interest**: | **$58,096.00** |
| **Attorneys' Fees and Costs:** | **$12,600.13** |
| **TOTAL:** | **$184,516.52** |

This Order terminates Docket Number 55.

**IT IS SO ORDERED.**

Dated: October 10, 2017

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**