United States District Court
Northern District of California

1

2

3

4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    BOARD OF TRUSTEES OF THE                    Case No.  16-cv-01640-YGR
     LABORERS HEALTH AND WELFARE
8    TRUST FUND FOR NORTHERN                     **ORDER GRANTING MOTION OF PLAINTIFFS
                                                 CEMENT MASONS TRUST FUNDS FOR
9    CALIFORNIA, et al.,                         SUMMARY JUDGMENT**

10               Plaintiffs,                     Re: Dkt. No. 65

11        v.

12   BRENEMAN, INC., a California
     corporation; and JAMES G. BRENEMAN,
13   an individual,

14               Defendant.

15

16   BOARD OF TRUSTEES OF THE
     CEMENT MASONS HEALTH AND
17   WELFARE TRUST FUND FOR
     NOTHERN CALIFORNIA, et al.,
18
                 Plaintiffs,
19
          v.
20
     BRENEMAN, INC., a California
21   corporation; and JAMES G. BRENEMAN,
     an individual,
22
                 Defendant.
23

24

25

26

27

28

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37), plaintiffs Board of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, Board of Trustees of the Cement Masons Vacation-holiday Trust Fund for Northern California, Board of Trustees of the Cement Masons Pension Trust Fund For Northern California and Board of Trustees of the Cement Masons Training Trust Fund for Northern California (collectively, "Cement Masons Trust Funds"), move for summary judgment against defendant Breneman, Inc., and defendant James G. Breneman. (Dkt. No. 65.)

The complaint alleges the following causes of action: (i) breach of the collective bargaining agreement against Breneman, Inc., (ii) recovery of unpaid trust fund contributions under ERISA §§ 502(g)(2), 515 against Breneman, Inc.; (iii) breach of contract (Payment Plan) against Breneman Inc. and James G. Breneman, and (iv) for a mandatory injunction under ERISA § 502(g)(2)(E) against Breneman, Inc. (Case 4:16-cv-1641, Dkt. No. 1, "Complaint.")[1] Cement Masons Trust Funds seek an audit, liquidated damages, interest, outstanding trust fund contributions, and attorneys' fees and costs. The Cement Masons Trust Funds now move for summary judgment against Breneman Inc. on the first, second, and fourth causes of action, and against James G. Breneman individually for breach of a personal guarantee to pay outstanding trust fund contributions due and owing by Breneman, Inc. under the third cause of action.

The motion for summary judgment and documents in support thereof were filed July 28, 2017, and originally set for hearing on August 29, 2017. (Dkt. No. 65.) The Court issued an order vacating the hearing on this motion on August 1, 2017. (Dkt. No. 70.) No opposition was filed by the defendants and the Court issued a further order permitting one final opportunity for defendants to respond the summary judgment motion. (Dkt. No. 71.) As of the date of this Order, no

---

[1] Case 4:16-cv-1641 was administratively closed and consolidated with 16-cv-1640 on January 30, 2017. (Dkt. No. 47.)

opposition to the motion has been filed by defendants.[2]

Based upon the Court's review of the duly noticed motion, the evidence submitted in support thereof, and the lack of opposition thereto, and for the reasons stated herein, the Cement Masons Trust Funds' motion for summary judgment is **GRANTED** against defendants Breneman, Inc. and James G. Breneman.

## I.    BACKGROUND

Cement Masons Trust Funds are trustees and fiduciaries of employee benefit plans created by written trust agreements pursuant to section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multiemployer employee benefit plan within the meaning of sections 3, 4, and 502 of ERISA, 29 U.S.C. §§ 1002, 1003, and 1132. (*See* Declaration of Karen Hubbard in Support of Motion for Summary Judgment ("Hubbard Decl."), Dkt. No. 66, at ¶ 10.) The Cement Masons Trust Funds consist of all employee fringe benefit contributions made by employers pursuant to covered collective bargaining agreements. (*Id*. at ¶ 10, Exh. A at 1-4 [Amended and Restated Trust Agreement Establishing the Cement Masons Pension Trust Fund For Northern California]; Exh. B. at Art. II, § 1.) The Trust Agreements for all the Cement Masons Trust Funds contain the same terms and conditions as the Trust Agreement for the Cement Masons Pension Trust Fund for Northern California. (*Id*. at ¶ 11.)

The duties of the Board of Trustees to the Cement Masons Trust Funds include ensuring that employers who are signatories to the collective bargaining agreements comply with the terms and conditions of the collective bargaining agreements, namely, payments and contributions to the Trust Funds on behalf of the covered employees. The Trust Agreement permits the Boards of Trustees to seek judicial relief to recover prompt payment of contributions due, including the recovery of delinquent contributions, and further, to seek all attorneys' fees and costs incurred in a

---

[2] The Court notes that defendants James G. Breneman and Breneman, Inc. were defaulted in this action on June 24, 2016, and on August 3, 2016, respectively. (Case 4:16-cv-1641, Dkt. Nos. 16 and 23.) Those defaults were set aside by stipulation of the parties, and defendants appeared by counsel thereafter, filing their answer to the complaint on November 29, 2016. (Case 4:16-cv-1641, Dkt. Nos. 34, 35, 36.)

United States District Court
Northern District of California

lawsuit to recover the delinquent contributions. (Hubbard Decl. at ¶ 12, Exh. C at Art. IV, § 3.) The Trust Agreement further provides that an employer must submit to an audit by the Board of Trustees, and in so doing, produce its books and financial records to the Board of Trustees. (*Id*. at ¶ 12, Exh. C at Art. IV § 7.)

On March 8, 2011, Breneman, Inc. executed a Memorandum Agreement with the District Council of Plasters' and Cement Masons' of Northern California ("Cement Masons Union") to be bound by the written collective bargaining agreement with the Cement Masons Union entitled the Cement Masons Master Agreement For Northern California ("Master Agreement"). (Hubbard Decl. at ¶ 6, Exh. D.) Section 8 of the Cement Masons Master Agreement requires that employers make contributions to the Cement Masons Trust Funds based on the hours that their respective employees worked as cement masons. (*Id*. at ¶ 13, Exh. E.) Employers must pay employee fringe benefit contributions by the 25th day of the month immediately succeeding the month in which the employee's work was performed. In the event that the employer fails to make the monthly installments timely, employers are subject to interest at the rate of 1.5% per month as well as $150 for each delinquent contribution as liquidated damages. Liquidated damages are set at $150 for each month that the contribution is delinquent. (*Id*. at ¶ 13 and Exh. F.) The agreements also require employers to report to the Cement Masons Trust Funds the number of hours worked by, or paid to, each employee performing covered work. (*Id*. at ¶ 7.)

In addition, on July 28, 2015, Breneman Inc. entered into a payment plan, and James G. Breneman entered into a Personal Guarantee and Undertaking, due to Breneman, Inc.'s failure to make timely contributions for a period from June 2012 to May 2015. (*Id*. at Exh. H, p. 1.) By that Personal Guarantee and Undertaking, James G. Breneman agreed that if Breneman Inc. defaulted on the payment plan, he became personally liable for the outstanding balance of unbalance contributions, liquidated damages and interest. (*Id*.)

## II.  APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Any party seeking summary judgment bears the initial burden of identifying those portions of the pleadings

4

and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for the finder of fact to return a verdict for the nonmoving party. *Id*.

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson*, 477 U.S. at 250; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also* Fed.R.Civ.P. 56(c), (e). A court may only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed.R.Civ.P. 56(c)(2); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."). However, when deciding a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, the court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir.2011).

### III. DISCUSSION

Cement Masons Trust Funds seek summary judgment against Breneman Inc. on: (1) their first claim for breach of the collective bargaining agreement based upon its failure to pay certain contributions timely and for unpaid contributions; (2) their second claim for recovery of unpaid trust fund contributions under ERISA sections 502(g)(2) and 515 (29 U.S.C. §§ 1132(g)(2), 1145), which provide additional remedies for enforcement of an employer's obligation to make contributions required as provided in a collective bargaining agreement; and (3) their fourth cause of action for a mandatory injunction for an audit. Cement Masons Trust Funds seeks summary judgment against James G. Breneman on the third cause of action for breach of the Personal Guarantee and Undertaking requiring James G. Breneman to pay in the event that Breneman Inc. defaulted in its 2015 payment plan with Cement Masons Trust Funds for catching up on certain unpaid contributions.

**A.      Unpaid Contributions, Damages, and Interest against Breneman Inc.**

Under the collective bargaining agreement and the ERISA enforcement provision, Cement Masons Trust Funds are entitled to the principal amount of the unpaid contributions plus interest at 1.5% per month and an additional sum that is the greater of liquidated damages or interest. Pursuant to the collective bargaining agreement's Liquidated Damage Program – Board Policy, employers like Breneman, Inc. are subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that a contribution is delinquent.  Interest was calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated.  (Hubbard Decl. ¶ 14, Exh. F.)  Because this is an ERISA enforcement action, Cement Masons Trust Funds are entitled not only to interest on the unpaid contributions, but also to an additional award in "an amount equal to the greater of [the] interest on the unpaid contributions or liquidated damages" as provided in the benefits plan agreement.  29 U.S.C. §§ 1132(g)(B) and (C).

Based upon the evidence submitted, for contributions reported but not paid, Cement Masons Trust Funds are entitled to the principal amount of $34,223.52, plus interest and liquidated damages for the period of November 2015 to October 2016.  (Hubbard Decl. at ¶¶ 18–20.)[3] Breneman, Inc. submitted its Combined Employer Reports of Contributions for these months detailing, as required, hours of covered work under the collective bargaining agreement and contributions due on behalf of the covered workers.  The Combined Employer Reports of Contribution submitted by Breneman, Inc. identify the employees by name and social security number, along with their hours worked for the reported month.  The Employer Reports of Contribution are marked "Hours Only," meaning that the report came in with hours reported and a detail of the contributions due, but no money was paid. (*Id.* at ¶ 20.)  Breneman, Inc. reported contributions due and owing for the time period, but failed to pay all the contributions due and owing for these months.  (*Id.*)

---

[3] The Court notes that this time period extends beyond that alleged in the Complaint, and that defendants have not contested or disputed these amounts as being owed.

The Court finds that Cement Masons Trust Funds are entitled to the principal amount of unpaid contributions, pursuant to 29 U.S.C. section 1132(g)(2)(A), plus interest at 1.5% per month, liquidated damages at a flat rate of $150 per month, and an additional statutory award in an amount equal to the greater of those two, pursuant to 29 U.S.C. section 1132(g)(2)(B), (C). (Hubbard Decl. at ¶¶ 21–31.)

In addition to these unpaid hours reported by Breneman, Inc., Cement Masons Trust Funds also seek amounts they determined to be unpaid as a result of an audit of the period from January 2013 to June 2015. The audit revealed unpaid amounts for the period from June 2013 to August 2013, and the months of January, May and June 2014, in the principal amount of $4,305.54, plus interest and liquidated damages. (Hubbard Decl. at ¶¶ 32–35.) The Court finds that Cement Masons Trust Funds have sufficiently demonstrated that they are entitled to these additional amounts they seek as result of the audit. (*See id.* at ¶¶ 32–35, and Exhs. T, U, and V.) Pursuant to 29 U.S.C. §§ 1132(g)(C), Cement Masons Trust Funds are also entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions or liquidated damages at the contract rate. Here, the interest exceeds the liquidated damages, and the Court finds that Cement Masons Trust Funds are entitled to an additional award of interest.

**B.      Contributions Paid Late**

For several months during the period from March 2012 to February 2015, Breneman, Inc. failed to pay employee fringe benefit contributions on time, breaching the terms of the Trust and Master Agreements. (Hubbard Decl. at ¶ 17 (late payments for months of March, May and August 2012; September – December 2013; January – September 2014; and January – February 2015).) The terms of the Trust Agreement provide that employers must pay employee fringe benefit contributions by the 25th day of the month immediately succeeding the month in which the employee's work was performed, and failure to pay timely makes the employer subject to interest at the rate of 1.5% per month and $150 for each delinquent contribution, for each month that the contribution is delinquent, as liquidated damages. (*Id.* at ¶ 17 and Exh. I.) Further, the ERISA enforcement provisions support an action to recover interest and liquidated damages as provided in the agreement with respect to late payments. *Idaho Plumbers & Pipefitters Health and Welfare*

*Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989) (section

1132(g)(2)(E) interest and liquidated damages could be awarded for contributions that were paid,

but paid late); *Board of Trustees v. JRD*, 99 F.Supp.2d 1115, 1118, 1120 (C.D. Cal. 1995)

(awarding liquidated damages on contributions paid late).

Cement Masons Trust Funds have offered sufficient evidence to demonstrate that they are

entitled to interest and liquidated damages based upon late payment of the contributions for the

specified months, pursuant to the terms of the Master and Trust Agreements.  (Hubbard Decl. at ¶

17, Exh. I.)

### C.     Order Compelling Audit of Breneman Inc.

Cement Masons Trust Funds also seek an order compelling Breneman, Inc. to submit to an

audit for the period July 1, 2015, to the present to determine the full amount of employer

contributions owed to the Cement Masons Trust Funds.  Pursuant to Article IV, Section 7 of the

Trust Agreement, Breneman, Inc. is required to allow Cement Masons Trust Funds access to its

books and records to determine the amount of trust fund contributions due and owing.  (*Id.*, Exh.

C.)  Furthermore, an audit is "well within the authority of the trustees as outlined in the trust

documents" and is part of "proper plan administration." *Central States, Southeast & Southwest

Areas Pension Fund v. Central Transport Inc.*, 472 U.S. 559, 571 n. 12 (1985).  The Court finds

that the evidence supports entry of a mandatory injunction compelling Breneman, Inc. to comply

with its contractual obligations to allow an audit of its records for the period of July 1, 2015

through the present, consistent with the terms of the relevant agreements.

### D.     Breach of Guarantee by James G. Breneman

Cement Masons Trust Funds also seek to enforce the Personal Guarantee, a contract

Breneman signed, wherein he agreed to become personally liable for the debt in the Payment Plan

should there be a default of the Payment Plan. (Hubbard Decl. at ¶ 38.)  On July 20, 2015, Cement

Masons Trust Funds provided to Breneman Inc. a payment plan for delinquent contributions for

the months of June 2014, September to November 2014, and March to May 2015.  (*Id.* at ¶ 15,

Exh G.)  James G. Brenemen entered into a Personal Guarantee and Undertaking on that payment

plan, wherein he agreed to become personally liable, should there be a default in payments by

Breneman Inc., for the amount of $194,417.99, less any payments made, plus interest at a rate of 10% per annum. (*Id.* at ¶¶ 16, 38, Exh. H.) The agreement was signed by James G. Breneman as of July 28, 2015. (*Id.*) Breneman, Inc. made a series of partial payments, leaving a balance due of $84,896.72, on the underlying contributions. (*Id.* at ¶ 40.)

The Court finds that Cement Masons Trust Funds are entitled to recover against James G. Breneman, for breach of the Personal Guarantee and Undertaking, the principal sum of $84,896.72 in unpaid plan contributions, plus $750 in liquidated damages, and interest. (*Id.* at ¶ 40.)

**E. Attorneys' Fees and Costs**

ERISA also provides for recovery of reasonable attorneys' fees and costs within the discretion of the Court. 29 U.S.C. § 1132(g)(2)(D). Where a party is entitled to reasonable attorneys' fees by either contract or statute, the court will determine the amount to be awarded based on reasonable billing rates and time spent. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (referring to this quantum of reasonableness as the "lodestar").

Here, the contracts at issue provide for payment of attorneys' fees. Pursuant to the Agreements between Breneman, Inc. and Cement Masons Trust Funds, Breneman Inc. agreed to pay reasonable attorneys' fees and costs incurred in a suit to enforce payment of outstanding contributions. (Hubbard Decl. at ¶ 12.) Pursuant to the Personal Guarantee and Undertaking, James G. Breneman also agreed to pay reasonable attorneys' fees and costs incurred in a civil action to recover on that agreement. (*Id.* at ¶ 36.)

Cement Masons Trust Funds' Motion for Summary Judgment requests $19,058.15 in attorneys' fees and costs. To substantiate their fees and costs, counsel for Cement Masons Trust Funds included a declaration and detailed ledger. (Declaration of Ronald L. Richman ("Richman Decl."), Dkt. No. 67, at ¶¶ 4–6.) Based on the claims against Breneman, Inc. and the claim against James Breneman, Cement Masons Trust Funds have apportioned attorneys' fees and costs evenly, seeking to recover $9,529.07 each from Breneman, Inc. and James G. Breneman. (Hubbard Decl. at ¶¶ 36, 41.)

The Court has reviewed counsel's declaration and attached billing records and finds that the time incurred of 56.90 hours and billing rates of $325 per hour for partners, $275 per hour for

associates and $150 per hour for paralegals are reasonable. (Richman Decl. at ¶¶ 4–6.) Given the complexity of the accounting involved in this case, the Court finds that Cement Masons Trust Funds are entitled to $19,058.15 in attorneys' fees and costs. Accordingly, the Court finds Cement Masons Trust Funds' attorneys' fees and costs against Breneman, Inc. in the amount of $9,529.07, and attorneys' fees and costs against Breneman in the same amount.

## IV.    CONCLUSION

In sum, under the terms of the Agreements as well as ERISA, Breneman Inc. is obligated to report and pay regular contributions and may be liable for liquidated damages and interest on any and all delinquencies. Breneman Inc.'s failure to report or pay the contributions is a breach of the Agreements and a violation of ERISA section 515. 29 U.S.C. § 1145. The Court finds that Cement Masons Trust Funds are therefore entitled to judgment for the unpaid contributions, plus all requested liquidated damages and interest, in the amounts stated in the proposed judgment submitted September 25, 2017, as follows:

**Breneman, Inc.**

| | |
|---|---|
| **Liquidated Damages and Interest on Contributions Paid, but Paid Late:** | **$ 22,622.04** |

**Contributions Reported, Not Paid:**
- § 1132(g)(2)(A) unpaid contributions:     $34,223.52
- § 1132(g)(2)(B) interest:     $6,705.58
- § 1132(g)(2)(C) interest:     <u>$6,705.58</u>
  - **Sub Total:**     **$47,634.68**

**Contributions Not Reported, Not Paid:**
- § 1132(g)(2)(A) unpaid contributions:     $4,305.54
- § 1132(g)(2)(B) interest:     $2,685.07
- § 1132(g)(2)(C) interest:     <u>$2,685.07</u>
  - **Sub Total:**     **$9,675.68**

| | |
|---|---|
| **Attorneys' Fees and Costs:** | <u>**$9,529.07**</u> |
| **TOTAL:** | **$89,461.47** |

Moreover, Cement Masons Trust Funds are entitled to an audit of Breneman, Inc.'s books and records for the period July 1, 2015 to the present. The Court will retain jurisdiction to enforce

the order for an audit and amend the judgment to reflect any contributions and interest owed by Defendants after Plaintiffs submit an additional declaration setting forth the results of the audit and proving up their request for damages.

**James G. Breneman.**

| | |
|---|---|
| **Unpaid Payment Plan Contributions:** | **$84,896.72** |
| **Liquidated Damages and Interest:** | **$38,599.42** |
| **Attorneys' Fees and Costs:** | **$9,529.07** |
| **TOTAL:** | **$133,025.21** |

This Order terminates Docket Number 65.

**IT IS SO ORDERED.**

Dated: October 10, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**